## SANSONE, Admrx. v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17433.   Decided Feb. 26, 1940

S. M. LoPresti, Cleveland and Frank Leonetti, Cleveland, for plaintiff-appellant.

H. Brainard, Cleveland, A. E. Griffith, Cleveland and Theodore E. Schwartz, for defendant appellee.

## OPINION

By TERRELL, PJ.

Upon the opening statement of plaintiff, and the petition, the trial court took the case away from the jury on motion of the defendant, on the theory that no cause of action was stated. The plaintiff claims in this respect that the court was in error and prosecutes this appeal for reversal.

Plaintiff's claim was that the City of Cleveland constructed, maintained and operated in a public park a swimming pool for the use of the public. That along one side thereof it had constructed and maintained a diving tower with two diving levels, one at eight (8) feet above the surface of the water, and the other at fifteen (15) feet above the suface of the water. That upon the cement wall at the base of the diving tower the city had noted the depth of the water by the sign "10 feet". Some distance out in the water from the base of this diving tower, the water was ten (10) feet deep, but from that point the cement floor of the swimming pool sloped up toward the base of the diving platform so that the place where the decedent dived into the water was only four and a half (4½) feet deep.

Plaintiff claims that her decedent, in diving from the platform of the diving tower at the fifteen (15) foot level, struck the cement bottom or floor of the swimming pool at a depth of four and a half (4½) feet from the surface of the water and thereby met his death.

Plaintiff's claim is based upon §3714, GC, which imposes a duty upon the city to keep its public grounds open and free from nuisance. Plaintiff bases her action upon nuisance and not negligence. Plaintiff further claims that on the day her decedent dived from said platform the water was so murky that decedent was unable to see the bottom of the pool; that he had no knowledge of the depth thereof, nor had he been otherwise informed of the conditions, except such information as might come from the sign "10 feet" indicating the depth of the water.

Plaintiff's claim, of course, is that the conditions there existing constituted a nuisance, contrary to §3714, GC, and that the defendant should respond in damages for the loss of life caused thereby.

The City of Cleveland attempts to defend against liability under the case of **Selden v City of Cuyahoga Falls, 132 Oh St 223**, which clearly states that the construction, maintenance and operation of a swimming pool for the benefit of the general public in a public park, is a governmental function and that while acting in such governmental capacity there is no liability on the part of the municipality for common law negligence.

It is further stated that negligence and nuisance are not synonymous and that a nuisance may be and frequently is the consequence of a negligent act.

Upon the facts in this Selden case, the court concluded that the surrounding conditions in the pool shown in that case did not constitute a nuisance. There the plaintiff dived into the pool from a spring board six or eight feet in length which was one or two feet above the water, the water being three or four feet deep. The present case differs materially from the conditions set forth in the Selden case. In the instant case the decedent dived from a platform fifteen (15) feet above the water into the swimming pool where the water was four and a half (4½) feet deep, and struck the cement bottom, being killed thereby.

The conditions surrounding this incident were such as clearly to indicate a nuisance.

A nuisance is such a condition, as stated by the supreme court, as to bring hurt to or to annoy another. The conditions described in the petition and in the opening statement, if shown by the evidence, would likely bring hurt to one who used the diving platform at the fifteen (15) foot level in diving into four and a half (4½) feet

of water. At least it appears to the writer that this is a question which should have been submitted to the jury.

It may be contended by the city that if the decedent dived further out into the water where the depth was ten (10) feet, he would not have met with the accident. In its argument the city intimates this contention. That would bring up the question of contributory negligence of the decedent, but that is a question for the jury.

The case of Henry Hoffman v City of Bristol, 155 Atlantic 499, 113 Connecticutt 386, is a case in which the municipality was held liable for the maintenance of a nuisance in a public swimming pool. In that case, along the side of the swimming pool there was a stone wall erected, the top of which was about four (4) feet above the surface of the water, and that diving boards extended out over the water five or six feet beyond. The depth of the water was three to three and a half feet under the end of the diving board. The water was not clear and the bottom of the swimming pool could not be seen from the diving board. Plaintiff dived in from the board and struck the bottom of the pool and was seriously injured. The court held that while no cause of action, based upon negligence, was stated, in view of the city's immunity from liability for negligence in the performance of governmental functions, the jury was warranted in finding that the city had created and was maintaining a nuisance for which it could be held liable to the injured person.

The conditions, as stated in the instant case, are far more hazardous and likely to produce injury to one using the fifteen foot diving platform than in the Bristol case and it would necessarily follow, therefore, that if the conditions in the Bristol case were held to be a nuisance, the conditions in the case at bar are certainly a nuisance.

The city cites the case of **City of Cleveland v Walker, 52 Oh Ap 477,** wherein it was established that the operation of parks and skating ponds are governmental functions and, therefore,

the city should not be liable. But §3714, **GC,** is conveniently overlooked by the city. Plaintiff in this case is not claiming liability for the common law negligence of the city but is claiming liability under the statute for the maintenance of a nuisance.

To review the present case in a few sentences,—the city maintained a diving tower fifteen (15) feet above the surface of the water, with water of a depth of four and a half feet, invited the public to use this platform and held out to the public that the depth of the water was ten (10) feet. The hazard of diving from a fifteen (15) foot diving platform into water of a depth of four and a half feet was susceptible to a great probability of causing injury and hurt to one who used it. This constitutes the maintenance of a nuisance by the city. The court below was in error in taking the case from the jury upon the opening statement and the petition.

Judgment reversed and caused remanded for further proceedings according to law. Exceptions.

MORGAN, J., concurs.
LIEGHLEY, J., dissents.